FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 1 3 2004
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD GENE COTTON,

    Plaintiff,

v.    No. CIV-04-0133 MCA/LCS

ERASMO BRAVO, WARDEN,
ASSOCIATE WARDEN, MR. HATCH,
ASSOCIATE WARDEN OF PROGRAMS,
MR. RAVEN, etc., all,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was falsely charged with assault and placed in

disciplinary segregation. The charges were dropped shortly afterward, although Plaintiff remains housed in a higher security classification unit. The complaint does not allege that good time credits were forfeited nor specify the federal rights that Defendants allegedly violated. Plaintiff asks for an order to "be released from level four or five and put back at a medium facility," and to restore all good time credits.

Assuming Plaintiff is asserting due process claims, his allegations do not support a claim under the standards for inmate disciplinary matters announced in *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, as here, the punishment complained of was involuntary segregated confinement, which, in the Court's opinion, "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." 515 U.S. at 486. The Court ruled, therefore, that denial of the inmate's request to call witnesses at a disciplinary hearing did not necessarily violate due process. Here, Plaintiff's factual allegations of false disciplinary reports fall within the ruling announced in *Sandin*. Furthermore, the complaint does not state a claim for relief from Plaintiff's security level classification. Plaintiff has no due process rights to a particular classification, *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994), and his due process claims will be dismissed.

Nor do Plaintiff's factual allegations support an Eighth Amendment claim. Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citation omitted). "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* This claim will be dismissed.

2

Plaintiff's claim for restoration of good time credits must be raised in a habeas corpus proceeding. This claim affects the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *cf. Green v. Knowles*, No. 98-1008, 1998 WL 458561, at **1 (10th Cir. Aug. 3, 1998), and is thus cognizable only in a habeas corpus proceeding, *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at **1 (10th Cir. Oct. 30, 2000). This claim will be dismissed without prejudice to Plaintiff's right to file a petition under 28 U.S.C. § 2241 after the claim is exhausted in state court.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____ 4-12-04
UNITED STATES DISTRICT JUDGE